UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON WILLIAMS #674078,

Plaintiff,

Hon. Phillip J. Green

v.

Case No. 1:23-cv-01101

UNKNOWN STONE, et al.,

Defendants.
_____________________________/

**OPINION**

This matter is before the Court on Defendants Unknown Stone and Unknown Boerema's Motion for Summary Judgment. (ECF No. 45). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Jane M. Beckering referred this case to the undersigned. (ECF No. 50). For the reasons stated herein, Defendants' motion will be granted and this action terminated.

**BACKGROUND**

Plaintiff is presently incarcerated with the MDOC at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan, but the events about which he complains occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. (ECF No. 1). Plaintiff sued several ECF personnel in their individual capacities. (*Id.*). The Court permitted Plaintiff to proceed as a pauper (ECF No. 4) and screened out all claims except for Plaintiff's First Amendment claim for retaliation premised upon the issuance of Plaintiff's class II misconduct and

supplemental state law claims against Defendants Unknown Stone and Unknown Boerema remain in the case. (ECF Nos. 14 and 15; ).

Regarding his remaining claims, Plaintiff alleges in his complaint that, on June 6, 2022, he was interviewed by Defendant Stone about a Prison Rape Elimination Act (PREA) complaint that he made. (ECF No. 1, PageID.9-10). Defendant Stone allowed Defendant Boerema to be present for the interview as a witness. (*Id.*). Plaintiff further alleges that Defendants issued him a misconduct report following the interview, with Defendant Stone commenting, "I'm going to show you!" (ECF No. 1, PageID.10).

Defendants Stone and Boerema jointly filed a dispositive motion on exhaustion grounds. (ECF No. 45). Plaintiff responded to Defendants' motion. (ECF No. 53). Defendants replied. (ECF No. 55). The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## ANALYSIS

### I. Misconduct Ticket Hearing and Appeal

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that the PLRA exhaustion requirement requires "proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *see Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies but need not exhaust unavailable ones").

Where other administrative remedies are available, however, the prisoner is required to exhaust those remedies prior to filing a federal lawsuit. For example, as occurred here, prior to September 2023, decisions about misconduct tickets, including a challenge contending that the ticket was retaliatory, were non-grievable and had to be challenged through a hearing. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (citing MDOC Policy Directive 03.02.130); *accord Rush v. Newcomb*, No. 19-2013,

2020 WL 5270438, at *2 (6th Cir. July 8, 2020); *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); MDOC Policy Directive 03.02.130 ¶ J(9), (11) (eff. Apr. 18, 2022). Thus, at the time relevant here, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers*, 652 F.3d at 694; *Ayotte v. Stemen*, No. 15-13826, 2016 WL 5027594, at *3 (E.D. Mich. Sept. 20, 2016) ("[A] prisoner must raise the argument that a misconduct ticket was issued based [on] retaliation or conspiracy during the first misconduct hearing in order to properly exhaust these claims.").

To fully exhaust, the prisoner must have raised the claim of retaliation at the initial misconduct hearing and, if unsuccessful, in the available avenues for rehearing or appeal. *McNees v. Torrey*, No. 1:19-CV-121, 2021 WL 1178627, at *4 (W.D. Mich. Mar. 4, 2021), *adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021); *Triggs v. Barnhardt*, No. 2:20-CV-8, 2021 WL 6550824, at *5 (W.D. Mich. Dec. 16, 2021), *adopted*, 2022 WL 170062 (W.D. Mich. Jan. 19, 2022); *see also* MDOC Policy Directive 03.03.105 ¶¶ SSS-XXX (eff. April 18, 2022) (describing the rehearing and appeal processes).

Defendant Stone issued Plaintiff a Class II misconduct ticket for insolence for threatening to add Defendants Stone and Boerema to his PREA complaint. (ECF No. 1-8, PageID.43). Plaintiff's First Amendment retaliation claim against Defendant Boerema appears to stem from his alleged conspiracy with Defendant Stone to issue the ticket in retaliation. (ECF No. 1, PageID.30).

In support of their motion for summary judgment, Defendants submitted a copy of the misconduct hearing report, which states in relevant part: "Prisoner Williams pleads not guilty. He states that this ticket is all lies. He also states that [he] never made any threats to put Sgt. Stone or Officer Boerema on his PREA." (ECF No. 46-4, PageID.320). Defendants contend that Plaintiff's retaliation claims are unexhausted because Plaintiff did not raise retaliation as a defense at either the misconduct hearing or in his appeal of that hearing decision. (ECF No. 46, PageID.301; ECF No. 46-4, PageID.320; ECF No. 1-12, PageID.47).

In response, in a sworn declaration, Plaintiff states that his exhaustion attempts were thwarted because he raised the issue of retaliation at the misconduct hearing by "express[ing] [his] issue with [Defendant] Stone['s] retaliatory tactics" to the hearing officer (ECF No. 53-1, PageID.354) and because his misconduct appeal was rejected for untimeliness although he transferred facilities and unsuccessfully tried to initially mail out his appeal as oversized mail. (ECF No. 53-1, PageID.353). Plaintiff's appeal, in relevant part, reads as follows:

> I simply told Seargent Stone that PREA was a confidential matter so by him hearing me about a PREA and ordering C/O Boerema to remain in the room concerning a confidential matter was in violation of PREA Policy PD 03.03.140 and I requested to end the interview. I never made the statement Seargent Stone said I did. I simply told him that he was in violation which according to policy, he was.

(ECF No. 1-12, PageID.47).

First, Plaintiff's conclusory statements in his declaration about raising retaliation at the hearing are insufficient to create a genuine issue of material fact. "A conclusory,

self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Hill v. Coleman*, No. 1:20-cv-542, 2021 WL 4170998 (W.D. Mich. July 8, 2021), *adopted*, No. 1:20-cv-542, 2021 WL 4168805 (W.D. Mich. Sept. 14, 2021) (citing *F.T.C. v. PublishingClearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (as amended April 11, 1997)). *See also Gill v. Suburban Cadillac of Lansing, LLC*, No. 1:18-cv-676, 2020 WL 207199 at *4 (W.D. Mich. Jan. 14, 2020) ("Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact and are insufficient to withstand a motion for summary judgment") (quotation marks omitted). The misconduct hearing report does not indicate that Plaintiff asserted that the ticket was retaliatory. (ECF No. 46-4, PageID.320).

Second, the Court need not reach a conclusion regarding whether Plaintiff's misconduct appeal was properly rejected for untimeliness because, even if the appeal was timely, it also makes no mention of retaliation as required to exhaust his claims. *See McNees*, No. 1:19-cv-121, 2021 WL 1178627, at *4.

Based on the evidence, Plaintiff fails to create a genuine issue of material fact that he was thwarted from exhausting his administrative remedies. Plaintiff did not properly exhaust his administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).[1]

---

[1] To the extent Plaintiff contends that he is entitled to a jury trial on the issue of exhaustion under *Perttu v. Richards*, 605 U.S. 460 (2025), the Court disagrees. (ECF No. 53, PageID.344). In *Perttu*, the Supreme Court held that a litigant is entitled to a

## II. State-Law Claims

To the extent Plaintiff raises state-law claims for "emotional injury" against Defendants, the Court declines to exercise supplemental jurisdiction and dismisses it without prejudice. (ECF No. 1, PageID.31).

Under 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over such a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

---

jury trial on PLRA administrative exhaustion requirements when the "issue is intertwined with the merits of a claim that falls under the Seventh Amendment." 605 U.S. at 468. Considering the facts and issues before the Court, no intertwinement exists. Plaintiff's underlying First-Amendment-retaliation claim does not arise from the same facts as the issue of whether he properly exhausted his administrative remedies during the misconduct hearing and appeal process. Thus, *Perttu* is inapplicable.

District courts retain broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims, discretion which "is bounded by constitutional and prudential limits on the use of federal judicial power." *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). "As a rule of thumb . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Court can discern no prejudice to Plaintiff in requiring him to litigate his negligence claim in state court. Accordingly, the Court declines to exercise supplemental jurisdiction over it.

**CONCLUSION**

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 45) is granted and this action terminated. For the same reasons the undersigned grants Defendants' motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An Order and Judgment consistent with this Opinion will enter.

Respectfully submitted,

Dated: August 10, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge